## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ADNAN HASSAN ZAIDI,                         )
                              Petitioner,   )
v.                                          )        Case No. CIV-07-1119-HE
                                            )
PAUL CLEMENT, Attorney General;            )
MICHAEL CHERTOFF, Secretary of the         )
Department of Homeland Security;           )
NURIA PRENDES, U.S. ICE Field Office       )
Director for the Dallas Field Office; and  )
WARDEN OF IMMIGRATION AND                  )
DETENTION FACILITY,                        )
                                            )
                              Respondents.  )

## REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, filed this action on October 1, 2007, seeking a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  At the time the Petition was filed, Petitioner

was in the custody of the United States Immigration and Customs Enforcement ("ICE") and

challenged his continued detention at the Oklahoma County Detention Center.   On

February 1, 2008, Respondents filed a Motion to Dismiss [Doc. #20] on the ground of

mootness.[1] Respondents state that Petitioner was released from ICE custody on January 30,

---

[1]This is Respondents' second motion to dismiss.  Respondents filed a Response to Petition
and Motion to Dismiss on October 24, 2007 [Doc. #9], advising this Court that Petitioner's removal
from the United States was likely in the reasonably foreseeable future and, therefore, that Petitioner's
continued detention was lawful.  In support, Respondents attached the Declaration of Juan G.
Garcia, an ICE Deportation Officer, dated October 22, 2007.  See Response, Exhibit 7.  Officer
Garcia stated in the Declaration that a meeting was scheduled for November 14, 2007, with the
Pakistan Embassy officials in Oakdale, Louisiana, and that based on his experience, he believed
travel documents would be issued on that date and Petitioner would "be placed on the flight to
Pakistan the following day." *See id*., ¶¶ 6-9.  In light of this information, on January 10, 2008, the
Court issued an order requesting Respondents to supplement the Response and provide the Court
(continued...)

2008, pursuant to an Order of Supervision.  To date, Petitioner has not responded to the Motion nor sought an extension of time in which to respond.

The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  It is recommended that Petitioner's action be dismissed.

## I.   Relevant Facts/ Case Background

Petitioner is a native and citizen of Pakistan.  He was ordered removed from the United States, and his order of removal became final on February 22, 2007.  *See* Petition [Doc. #1] at 3, ¶ 6; *see also* Respondents' Response [Doc. #9], Exhibit 4 (decision affirming order of removal).

As a consequence of the order of removal, Petitioner alleges he has been in ICE custody since March 29, 2007.  Pursuant to the United States Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner claims he has been detained beyond the six-month presumptively reasonable removal period and that his continued detention under 8 U.S.C. § 1231(a)(6) violates the statutory authority granted to ICE.  Petitioner also alleges his continued detention violates his substantive and procedural due process rights under the

---

[1](...continued)
with evidence of the outcome of the November 14, 2007, meeting.  *See* Order [Doc. #14]. Respondents filed a supplemental response stating: "Unanticipated delays in coordinating with the Pakistan embassy prevented ICE from obtaining the required travel documents to effect the Petitioner's removal to Pakistan."  *See* Respondents' Supplemental Response [Doc. #17]. Respondents further advised the Court that "pending the petitioner's removal, ICE is currently processing petitioner for release from custody under an Order of Supervision."  *Id.*  Shortly thereafter, Respondents filed their second Motion to Dismiss [Doc. #20], which supersedes the initial Response and Motion to Dismiss based on the factual developments of the case recited above.

Due Process Clause of the Fifth Amendment. Petitioner further appears to rely on international law as a basis for relief though he does not bring a separate claim based on such law. Petitioner seeks his release from ICE custody.

On January 29, 2008, Petitioner was released from custody pursuant to an Order of Supervision. *See* Respondents' Motion to Dismiss [Doc. #20], Exhibit 1. Pursuant to the terms of the Order of Supervision, Petitioner is subject to conditions of release including various reporting requirements to ICE and his continued cooperation in obtaining travel documents to effect his removal to Pakistan. *See id*, Order of Supervision– Addendum.

## II.   Discussion

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision. *Id*.

A writ of habeas corpus may be granted pursuant to § 2241 only if the petitioner is "in custody." 28 U.S.C. § 2241(c). A habeas corpus petition does not necessarily become moot, however, merely because the petitioner has been released. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

In this case, Petitioner's release from custody pursuant to the Order of Supervision renders his habeas petition moot.  Petitioner has obtained the relief he requests and therefore the claims raised in the Petition cannot be redressed by a favorable judicial decision.  *See Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention). Petitioner is no longer subject to any collateral consequences that would give rise to an Article III actual injury.  *See Camara v. Canfort*, 235 F.Supp. 2d 1174, 1175-1176 (D. Colo. 2002) (alien's habeas challenge to continued detention and request for release from custody was rendered moot by release on order of supervision; "the conditions in the order of supervision flow, not from [the alien's] illegal detention, but from the final order of removal," and, therefore, "are not collateral consequences of [the alien's] detention").  In addition, Petitioner does not allege any exceptions to the mootness doctrine so as to require the Court to undertake review of those exceptions.  Therefore, the action no longer presents a case or controversy subject to this Court's jurisdiction and should be dismissed as moot.

## III.    Motion for Appointment of Counsel

Simultaneously with the filing of his Petition, Petitioner filed a Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A [Doc. #4].  Although there is no constitutional right to counsel in habeas proceedings, *see Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994), the district court has discretion to appoint counsel in a habeas case when the "interests of justice so require."

18 U.S.C. § 3006A(a)(2)(B). As discussed above, Petitioner is no longer in custody and his petition for federal habeas corpus relief is now moot.  Accordingly, it would not be in the interests of justice to appointment counsel at this time, and Petitioner's Motion should be denied.

## RECOMMENDATION

It is recommended that Respondents' first motion to dismiss [Doc. #9] be denied as moot.  It is recommended that Respondent's second motion to dismiss [Doc. #20] be granted and the Petition be dismissed as moot.  It is further recommended that Petitioner's Motion for Appointment of Counsel [Doc. #4] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of the District Court by March __17th__, 2008.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this case.

ENTERED this __26th__ day of February, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE